IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARRIE DAWN RAPER                                                                    PLAINTIFF


         v.                          Civil No. 1:23-cv-01034-SOH-BAB


POLICE CHIEF SHAUN HILDRETH, Warren
Police Department; and DETECTIVE ROBBIE ASHCRAFT,
Warren Police Department
                                                                                    DEFENDANTS

**ORDER**

Multiple discovery motions and a motion to extend are pending in this case.   Each will be

addressed in turn.

   **(1).   Motion for Subpoena (ECF No. 43)**

The Motion for Issuance of a Subpoena was **DENIED** by the Court when it directed

Plaintiff to file an Amended Motion.   (ECF No. 44).   The Clerk is directed to terminate this

Motion.

   **(2).   Motion to Extend Discovery (ECF No. 50)**

In this Motion, Plaintiff states she has not yet received all medical and hospital records for

medical treatment she received at Jefferson Regional Medical Center.   Further, Plaintiff indicates

that the discovery produced by Defendants has raised additional questions such as:   Are logs kept

when an inmate is called by her attorney? Who kept the log?" and Who handed Plaintiff the phone

while she was in custody?

Plaintiff also states she will need the following:   subpoenas allowing her to ask some

questions through a short interrogatory to Attorney Eugene Clifford and Attorney Caleb

1

Baumgardner; she will need to submit more interrogatories to Defendants; she will need to submit interrogatories to the person identified as being in charge of keeping the phone log and the person identified as having handed her the phone; a subpoena will have to be requested for all records pertaining to Thomas Miller/Freeman and a civil rights complaint.   Plaintiff indicates the latter records "will show if there was any involvement from Defendant Hildreth or help in this matter as it pertains to sexual harassment claims by other police officers.

Defendants first note that Plaintiff failed to confer with them in accordance with Local Rule 6.2(b).   Rule 6.2(b) of the Local Rules for the Eastern and Western Districts of Arkansas requires a party who files a motion for extension of time to include a statement that the movant has contacted the adverse party and whether the adverse party opposes or does not oppose the motion.   Rule 6.2(b) further provides that the "motion may be dismissed summarily for failure to comply with this rule."   Despite this failure, Defendants indicate they "do not object to an extension of the discovery deadline, except to the extent that they object to some of Plaintiff's reasonings for an extension as outlined" in her Motion.

The Motion (ECF No. 50) for an extension of the discovery deadline is **GRANTED.**   The discovery deadline contained in the Initial Scheduling Order (ECF No. 40) is extended to **September 3, 2024.**   The summary judgment filing deadline contained in the Initial Scheduling Order (ECF No. 40) is extended to **October 4, 2024.**

**(3).   Motion for Subpoena (ECF No. 51)**

Plaintiff asks the Court to issue a subpoena for her former Attorney Caleb Bumgardner for him to answer questions about the nature of her case and why he believes she was arrested based on the evidence the police department had at the time.   Plaintiff indicates Attorney Bumgardner

2

will not voluntarily provide this information without payment.   Further, she indicates Attorney Bumgardner and his firm "would not find this a priority because they have other cases they get paid for."

Rule 45 of the Federal Rules of Civil Procedure allows a party to subpoena a non-party to give testimony at a deposition or trial or to provide documents subject to the requirements of the rule.   However, the rule does not extend to the service of interrogatories on non-parties.   *See e.g., Lehman v. Kornbleu,* 206 F.R.D. 345, 346 (E.D.N.Y. 2001).

However, Rule 31 of the Federal Rules of Civil Procedure authorizes the deposition of any person, including a non-party, upon written questions.   Considering the liberal construction given to *pro se* pleadings, the Court construes this Motion as one to take the deposition of Attorney Bumgardner based on written questions.   As so construed, the Motion (ECF No. 51) is **GRANTED.**   Plaintiff is granted leave to take Attorney Bumgardner's deposition based on written questions.

If Plaintiff desires to proceed in this manner, she must, along with giving notice of the deposition, submit her written questions to Attorney Bumgardner and to all other parties.   The notice must include Attorney Bumgardner's full address.   Plaintiff must serve her questions and notice by no later than **July 26, 2024.**   Cross-questions by Defendants must be served by no later than **August 2, 2024.**   Attorney Bumgardner should serve his responses, under penalty of perjury, by no later than **August 30, 2024.**   Plaintiff is directed to include these deadlines in her notice of deposition and to refer to this Order by ECF Number.

**(4).   Motion to Depose Defendants (ECF No. 52)**

Plaintiff requests the opportunity to depose both Defendants at their counsel's office.   If

she cannot obtain the funds to pay for a court reporter, Plaintiff asks if she will be allowed to record the depositions and then provide a copy of the recording to Defendants' counsel.   Plaintiff also asks if her husband may question the Defendants instead of her as she states she is "scared of them."   Plaintiff is willing to be present in the room.

In response, Defendants state they have no issue with Plaintiff recording the deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure because it permits the testimony to be recorded "by audio, audiovisual, or stenographic means."   However, Defendants point out that Rules 28 and 30 of the Federal Rules of Civil Procedure require a deposition to be conducted by an officer authorized to administer oaths either by federal law or by the law of in the place of the examination.   Defendants maintain Plaintiff must have an officer authorized to administer oaths present at the deposition.

Next, Defendants object to Plaintiff's husband doing the questioning.   They point out he is not a party to the case and would be engaging in the unauthorized practice of law.   Further, he has been listed as a witness.

The Motion to Depose the Defendants (ECF No. 52) is **GRANTED with the following conditions:**

First, the Plaintiff is required to have an officer authorized to administer oaths either present in-person or by ZOOM or other similar method to administer the oaths.   As Defendants have agreed to allow Plaintiff to do the recording, the officer need not be present for the entirety of the depositions.

Second, Plaintiff must herself do the questioning.   She may not have her husband, who is listed as a potential witness, present.   Plaintiff will be allowed to bring one non-witness individual

4

with her to provide emotional support.   This individual will not take part in the deposition, suggest questions to the Plaintiff, make any verbal remarks, disrupt the deposition by non-verbal body language or otherwise, or in any manner participate in the deposition.

Third, Plaintiff must provide reasonable written notice of the depositions.   The notice must state the time and place of the deposition and include the deponent's name and address.   Finally, the notice must state the method of recording.

Fourth, Plaintiff may in the alternative serve written questions in a sealed envelope and have the officer that administers the oath ask the questions and record the answers.

Fifth, Plaintiff must complete the depositions whether in-person or by written questions by **no later than August 5, 2024.**

Finally, if Plaintiff records the deposition herself, she must provide the Defendants with an exact duplicate of the tape within two days of the depositions having been taken.

### (5).   Motion for Subpoenas (ECF No. 53)

Plaintiff requests that subpoenas be issued for her medical records from eighteen doctors and medical facilities covering the last ten years.   Plaintiff indicates she needs these records to show Defendants' "actions caused my PTSD, and that the threat proffered by defendant Hildreth's detective Nichols to withhold medications if I requested a lawyer, or remained silent is important to my actions later."   Plaintiff points out that in their discovery requests she was asked to provide a list of all doctors and medical facilities she had been seen at for the last ten years.   She was also asked to sign a medical authorization and was told she did not need to obtain the records herself but that defense counsel would obtain them.   Plaintiff maintains both sides need access to the records.

In response, Defendants point out that they had sent a good faith letter regarding their Interrogatory No. 3 and Request for Production 4, which requested a list of Plaintiff's treating doctors and signed medical authorization.   Defendants also note they specifically told Plaintiff she did not have to request the records herself.   While Plaintiff responded to their good faith letter, she failed to provide a signed medical authorization.   Defendants indicate they would attempt in good faith to obtain the medical authorization but if their efforts failed, they would be filing a motion to compel.

The Motion for Subpoenas (ECF No. 53) is **DENIED.**   Plaintiff has now supplied the Defendants with the requested list of doctors and facilities.   These documents may be obtained by the simple expedient of Plaintiff signing a medical authorization and providing it to Defendants. As Plaintiff herself stated, Defendants are entitled to access to these records.   The issuance of subpoenas is unnecessary.   As noted below, Plaintiff is **ORDERED** to sign a medical authorization to allow Defendant's to obtain the medical records at issue.   Defendants are **ORDERED** to provide copies of all medical records obtained to Plaintiff upon receipt of same.

**(6).   Motion to Compel (ECF No. 57)**

On March 13, 2024, Defendants propounded their first set of interrogatories and requests for production on the Plaintiff.   On April 7, 2024, Plaintiff provided responses.   Upon review, Defendants found certain responses to be deficient and wrote a letter dated May 14, 2024, in a good faith effort to resolve the discovery disputes.   The letter set forth the discovery requests at issue and indicated how Defendants believed the responses were deficient.   On May 17, 2024, Plaintiff provided supplemental responses.   Defendants believed the supplemental responses were still deficient and sent another good faith letter to Plaintiff on June 11, 2024.   On June 17th,

Plaintiff responded to the good faith letter with further responses.   However, Defendants still believed her responses to certain discovery requests remained deficient.   Defendant therefore filed this Motion to Compel.

Rule 37 of the Federal Rules of Civil Procedure provides that a party may file a motion to compel if the opposing party fails to answer an interrogatory or fails to produce documents.   Fed. R. Civ. P. 37(a)(3)(A).   An evasive or incomplete answer is treated as a failure to disclose, answer, or respond.    Fed. R. Civ. P. 37(a)(4).

The scope of discovery is set forth in Rule 26 of the Federal Rules of Civil Procedure which provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Turning to the Motion to Compel, Defendants first seek a signed medical authorization so they can obtain Plaintiff's medical records.   They indicate they want to obtain the records themselves to ensure they receive a full and complete copy of the records along with an affidavit from the custodian of records certifying that the records are true and correct and kept in the regular course of business.   The Court agrees and notes the Plaintiff has not objected to the ten-year time frame and in fact used the same time frame in her Motion for Subpoenas addressed above. Further, Plaintiff voiced no objections to the authorization form proffered by Defendants.

Plaintiff is therefore **ordered to provide the Defendants with a signed medical authorization in response to Request for Production Number 6 by no later than July 26, 2024.** When Defendants obtain the records, they are directed to provide Plaintiff with a copy.

Additionally, Defendants maintain, despite having provided supplemental responses on two occasions, Plaintiff has still not fully and completely responded to Interrogatory 19 and Request for Production Numbers 1 through 5.   Defendants maintain the responses are necessary to investigate the nature and extent of Plaintiff's alleged injuries caused by Defendants.

The Court notes Plaintiff has not responded to the Motion to Compel and the time for her to do so has passed.  Rule 7.2(b) of the Local Rules for the Eastern and Western Districts of Arkansas set the response time for motions at fourteen days unless the Court otherwise orders.

The Court turns to an examination of these discovery requests and Plaintiffs' responses.

**Interrogatory No. 19**:   Have you ever drawn social security benefits for disability and if so, state:
a.   The nature and extent of the disability; and
b.   The length of time of such disability and the beginning date.

**Response:**   Yes, I draw social security disability in the amount of $1,200 per month because of the attack at Drew Memorial Hospital.   I was represented by Bob Depper in El Dorado.   He was also representing Dave Goffin in his case against the defendant Robbie Ashcraft who shot him fleeing and unarmed in the back because he was African American and she knew her boss Defendant Hildreth would have her back.

**Supplemental Response:**   My disability and reason you already have.

The Court agrees Defendants are entitled to know the nature and extent of Plaintiff's disability, when she first began receiving disability benefits, and how long she has received disability benefits.   The request is both relevant and proportional to the needs of the case. Plaintiff is directed to provide Defendants with a supplemental response to Interrogatory 19 **by no later than July 26, 2024.**

8

Next, Defendants maintain Plaintiff's responses to requests for production numbers 1 to 5 are deficient as it appears Plaintiff has not submitted any response to these discovery requests.   In neither her initial set of responses nor her two supplemental responses did Plaintiff respond to requests for production of documents 1 to 5.   (ECF No. 57-2); (ECF No. 57-3); (ECF No. 57-6).  A fact Defendants should have pointed out in their motion and brief.[1]

Defendants are entitled to responses.   Rule 34(b)(2) requires the responding party to either provide the requested documents or the response must "state with specificity the grounds for objecting to the request, including the reasons."   Fed. R. Civ. P. 34(b)(2).   Plaintiff has not complied with Rule 34.   For this reason, Plaintiff is directed to provide Defendants with a supplemental response to Requests for Production 1 through 5 **by no later than July 26, 2024**

The Motion to Compel (ECF No. 57) is **GRANTED.**   Plaintiff is directed to provide Defendants with a signed medical authorization, a supplemental response to Interrogatory 19, and supplemental responses to Requests for Production of Documents 1 through 5 by **no later than July 26, 2024.   If Plaintiff fails to comply with this Order, the Court should be so notified by either the filing of a motion for sanctions or a motion to dismiss.**

IT IS SO ORDERED this 10th day of July 2024.

*/s/ Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Counsel is put on notice that in the future the Court will not look to the attached exhibits to determine why the discovery requests are deficient.

9