IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARRIE DAWN RAPER                                                                                    PLAINTIFF

v.                          Civil No. 1:23-cv-01034-SOH-BAB

POLICE CHIEF SHAUN HILDRETH, Warren
Police Department; and DETECTIVE ROBBIE ASHCRAFT,
Warren Police Department                                                                          DEFENDANTS

**ORDER**

Pending before the Court are two Motions for Issuance of Subpoenas (ECF Nos. 65 & 68) and a Motion to Dismiss (ECF No. 66) filed by the Defendants.

**(1).   Motion for Subpoena (ECF No. 65)**

Plaintiff asks the Court to issue a subpoena for her former attorney Eugene Clifford "for purposes of answering interrogatories he has been already provided by certified mail." The Motion for a Subpoena (ECF No. 65) is **DENIED.**

As previously explained to Plaintiff, *see* (ECF No. 61), Rule 45 does not extend to the service of interrogatories on non-parties. *See e.g., Lehman v. Kornbleu,* 206 F.R.D. 345, 346 (E.D.N.Y. 2001). Plaintiff was advised that the method she must use to obtain answers to her questions was to conduct a deposition pursuant to Rules 30 (oral depositions) or 31 (deposition on written questions) of the Federal Rules of Civil Procedure.

**(2).   Motion for Subpoena (ECF No. 68)**

Plaintiff asks the Court to issue subpoenas for her former attorneys Calab Bumgardner

1

and Eugene Clifford. The Motion for Subpoenas (ECF No. 68) is **DENIED.** As explained, Plaintiff may not utilize Rule 45 to obtain answers to interrogatories. She must conduct a deposition pursuant to either Rules 30 or 31 of the Federal Rule of Civil Procedure.

**(3).  Motion to Dismiss (ECF No. 66)**

By Order (ECF No. 61) entered on July 10, 2024, the Court granted Defendants' Motion to Compel and directed Plaintiff to do the following:

- To provide the Defendants with a signed medical authorization in response to Request for Production Number 6 by no later than July 26, 2024.
- To provide Defendants with a supplemental response to Interrogatory 19 by no later than July 26, 2024.
- To provide Defendants with a supplemental response to Requests for Production 1 through 5 by no later than July 26, 2024.

In the event Plaintiff did not comply with the Court Order, Defendants were to notify the Court by either filing a motion for sanctions or a motion to dismiss. Defendant have filed the instant Motion to Dismiss indicating Plaintiff has provided a signed medical authorization but has not provided a supplemental response to Interrogatory 19 or responses to Requests for Production Numbers 1-5.

In opposition, Plaintiff relies heavily on her *pro se* status and indicates she does not understand the "federal rules used by defendant[]s to try to get this case thrown out." (ECF No. 69 at 1). Plaintiff maintains she is entitled to leeway and points out the discrepancy in assets available to her when compared to those available to Defendants. While this latter statement is undoubtedly true, Plaintiff has apparently failed to comply with the Court's Order granting the

2

motion to compel. Indeed, she does not argue she has complied instead maintaining she "simply need[s] to know what [Defendants] are looking for specifically." *Id.* at 2. She indicates Defendants want her social security records and asks what records. *Id.* Further, Plaintiff claims "the other items defendant[]s are asking for I can't find in an order from the court." *Id.* at 3.

In an abundance of caution and to provide procedural fairness, Plaintiff will be given one further opportunity to provide the requested information. The specific discovery requests still at issue are:

> **Interrogatory No. 19**: Have you ever drawn social security benefits for disability and if so, state:
> a. The nature and extent of the disability; and
> b. The length of time of such disability and the beginning date.
>
> **Response:** Yes, I draw social security disability in the amount of $1,200 per month because of the attack at Drew Memorial Hospital. I was represented by Bob Depper in El Dorado. He was also representing Dave Goffin in his case against the defendant Robbie Ashcraft who shot him fleeing and unarmed in the back because he was African American and she knew her boss Defendant Hildreth would have her back.
>
> **Supplemental Response:** My disability and reason you already have.

As stated in the Order granting the Motion to Compel (ECF No. 61), the Court determined that Defendants are entitled to know:

> (1) the nature and extent of Plaintiff's disability,
>
> (2) when she first began receiving disability benefits, and
>
> (3) how long she has received disability benefits.

Plaintiff must respond.

The next discovery requests at issue are Requests for Production Numbers 1 through 5. Request for Production 1 seeks documentary evidence related to Plaintiff's response to Interrogatory 13.

3

> **Interrogatory No. 13:** State the basis for any claims for actual or compensatory damages, including any amounts expended for any purpose which will be claimed as damages at trial.

> **Request for Production No. 1:** Please provide copies of all bills, receipts or other written documentation related to the damage information requested in the preceding interrogatory.

The request is specific, clear, and gives examples of the types of documentation sought by the Defendants. Plaintiff filed this case claiming the Defendants through their unconstitutional conduct caused her, among other things, to have numerous health problems and suffer debilitating setbacks in her treatment for Post Traumatic Stress Disorder. Plaintiff seeks to recover medical expenses and damages for pain and suffering. The request asks for any documents she has that substantiate her claims. Plaintiff must respond.

> **Request for Production No. 2:** Please produce any and all documents, photographs, audio tapes, video tapes or other documentation made in connection with this lawsuit which in any way substantiate or provide support for the allegations made in your complaint.

The Court can see nothing ambiguous about this request. Additionally, if Plaintiff did need further instruction, rather than just not respond to the request she should have sought clarifications. Either Plaintiff has documents, photographs, audio tapes, or video tapes made in connection with the lawsuit or she does. Plaintiff must respond.

> **Request for Production No. 3:** Please produce a copy of any and all federal and state tax returns which you have filed in the past five (5) years. If plaintiff is not in possession of his/her federal tax returns, he/she can request transcripts at https://www.irs.gov/individuals/get-transcript. If the "Request Online" option is selected, the transcripts can be downloaded. If the "Request by Mail" option is selected, then a request must be submitted for each tax year (2019, 2020, 2021, 2022, and 2023).

Again, there is nothing ambiguous about this request. It is clear exactly what Defendants are seeking and the period of time for which they are seeking the tax returns. In fact, the request

4

even tells Plaintiff how to obtain to obtain her federal tax returns if she does not have them in her possession. Plaintiff must respond.

> **Request for Production No. 4:** Please produce any and all notes, memorandums, calendars or other documents by whatever name[] called, generated, or kept by the Plaintiff with respect to the allegations contained in the Plaintiff's complaint or the facts made basis of the complaint, whether created at the time of the event or at a later date. If you contend any of these documents are privileged in any manner, please sufficient identify the nature and location of said documents so that the court may rule on your objection.

The Court believes the information sought by this request is unambiguous. Plaintiff did not attempt to respond or seek clarification. Plaintiff must respond.

> **Request for Production No. 5:** Please produce each and every document or article of demonstrative evidence which you intend to rely on in any way at the trial of this matter or which is relevant to the allegations made. This request encompasses, but is not limited to, both documentary evidence upon which you intend to introduce or any other form of tangible evidence which you intend to introduce, or otherwise rely on in any way, at the trial of this matter.

The Court believes the information sought by this request is clear. Plaintiff did not attempt to respond or seek clarification. It does not take the knowledge of an attorney to respond to these requests. Instead, Plaintiff need only use her common sense. Plaintiff must respond.

Accordingly, a ruling on the Motion to Dismiss (ECF No. 66) is **DEFERRED.** Plaintiff is given until **October 4, 2024,** to provide a supplemental response to Interrogatory number 19 and to respond to Requests for Production Numbers 1 through 5.

**To avoid any further confusion on Plaintiff's part as to what the Court is ordering her to do, Plaintiff is ORDERED to provide the Defendants with the following responses by no later than October 4, 2024.**

- **A supplemental response to Interrogatory No. 19.**
- **A response to Request for Production No. 1.**

5

- **A response to Request for Production No. 2.**
- **A response to Request for Production No. 3.**
- **A response to Request for Production No. 4.**
- **A response to Request for Production No. 5.**

If Plaintiff fails to comply with this Order, Defendants should file a supplement to their Motion to Dismiss so stating. If Plaintiff complies, Defendants should so advise the Court by filing a notice of compliance.

Plaintiff is reminded of her obligation to diligently pursue this case and comply with the requirements of the Local Rules for the Eastern and Western Districts of Arkansas. This case **shall be dismissed** if Plaintiff fails to comply with this Order. This is the Plaintiff's second opportunity to comply with the Court's Order (ECF No. 61) entered on July 10, 2024. She will not be given a third opportunity to do so.

IT IS SO ORDERED this 13th day of September 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE